UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

              v.                                              ORDER
                                                            00-CR-189A

JAMES KOPP,

                              Defendant.

_____


              This case was referred to Magistrate Judge Hugh B. Scott, pursuant

to 28 U.S.C. § 636(b)(1)(A), on June 10, 2002.  On July 8, 2004, defendant filed

an omnibus motion seeking: (1) discovery and notice under Rules 12 and 16 of

the Federal Rules of Criminal Procedure; (2) dismissal of the indictment on

grounds of double jeopardy; (3) change of venue; (4) dismissal on the grounds

that the Freedom of Access to Clinic Entrance Act (the "FACE Act")  is

unconstitutional; (5) suppression of statements made to the media; (6)

suppression of expert testimony; (7) suppression of identification testimony by

several witnesses; and (8) suppression of evidence obtained through electronic

eavesdrop warrants.

              On April 11, 2005, Magistrate Judge Scott filed a Report and

Recommendation, recommending: (1) denial of the motions to dismiss based on

1

double jeopardy and the unconstitutionality of the FACE Act; (2) denial of the

motion to suppress statements to the media; (3) denial of the motion to change

venue; and (4) denial of the motion to suppress identification testimony.  The

Magistrate Judge noted that the defendant had withdrawn his motion to suppress

evidence obtained via electronic surveillance, and found that the motion to

suppress expert testimony should be resolved by this Court, the trial court.

On May 18, 2005, the defendant moved for reconsideration of the

Report and Recommendation.  Specifically, his motion to reconsider sought

permission to amend his original motion to suppress statements so as to add

those statements defendant made during his state court proceedings.  On June

30, 2005, Magistrate Judge Scott denied the defendant's motion for

reconsideration.

Defendant filed objections to the Report and Recommendation on

August 5, 2005, and the government filed a response thereto on October 31,

2005.  Oral argument on the objections was held on December 9, 2005.  During

oral argument, the Court expressed its view that a hearing as to defendant's

motion to suppress his statements to the media might be necessary, and asked

the parties to provide additional information and supplemental briefing.

In the meantime, the defendant requested permission to proceed *pro

se*.  On April 26, 2006, the Court held a hearing on the defendant's request, and

appointed independent counsel to discuss the issue with him.  The matter was

adjourned until May 23, 2006, so as to afford the defendant an opportunity to consider whether to proceed *pro se* and to discuss that matter with counsel.

On May 23, 2006, the Court found that the defendant's waiver of his right to counsel was knowingly, voluntarily and intelligently made, and granted his request to proceed *pro se.* The Court appointed his attorney, John Humann, Esq., to serve as standby counsel. Acting *pro se*, the defendant then withdrew his motion to suppress the statements that he had made to the media and during the state court proceedings. The Court reserved decision on defendant's remaining objections to the Magistrate Judge's Report and Recommendation and set a further status conference for June 26, 2006, at 9:00 a.m.

On June 20, 2006, the Court received a letter from the defendant in which he withdrew his motion for change of venue.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made. Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, the Court hereby: (1) denies the defendant's motions to dismiss the indictment based upon double jeopardy and the

3

unconstitutionality of the FACE Act; and (2) denies the defendant's motion to suppress identification testimony.  With regard to the motion to suppress expert testimony, the Court will address that issue further at the June 26th status conference.  The defendant's motions to suppress electronic surveillance, to change venue and to suppress statements made to the media are deemed withdrawn.  The parties shall appear as scheduled on June 26th.

IT IS SO ORDERED.

/s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: June 26, 2006