IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA                 :

               v.                            :

JAMES CHARLES KOPP,                       :

                                  :

_____ Defendant. _____          00-CR-189-A

## GOVERNMENT'S PROPOSED SUBSTANTIVE JURY CHARGES

THE UNITED STATES OF AMERICA, by and through its attorneys,
Terrance P. Flynn, United States Attorney for the Western District
of New York, Kathleen M. Mehltretter, First Assistant United States
Attorney, and Martin J. Littlefield, Assistant U.S. Attorney, of
counsel, hereby submit the attached Government's Proposed Jury
Charges in the above-entitled action.

        DATED:     Buffalo, New York, December 15, 2006.

                               Respectfully submitted,

                               TERRANCE P. FLYNN
                               United States Attorney

                BY:     S/ KATHLEEN M. MEHLTRETTER
                       First Assistant U.S. Attorney
                       United States Attorney's Office
                       Western District of New York
                       138 Delaware Avenue
                       Buffalo, New York 14202
                       (716) 843-5700 ext. 817
                       kathleen.mehltretter@usdoj.gov

<u>INDEX</u>

<u>REQUEST</u>                                                            <u>PAGE</u>
<u>NO.</u>                                                                 <u>NO.</u>

<u>FREEDOM OF ACCESS TO REPRODUCTIVE HEALTH SERVICES (18 U.S.C. §
248(a)(1))</u>

1.   The Indictment and the Statute . . . . . . . . . . . 1

2.   Elements of the Offense . . . . . . . . . . . . . . 3

3.   First Element--The Defendant Used Force . . . . . . 4

4.   Second Element--Defendant Intentionally
     Injured or Interfered with the Victim . . . . . . . 5

5.   Definitions . . . . . . . . . . . . . . . . . . . . 7

6.   Third Element--Defendant Acted As He Did
     Because The Victim Was, Or Had Been,
     Providing Reproductive Health Services . . . . . . 8

7.   Fourth Element--The defendant's Conduct
     Resulted in Death . . . . . . . . . . . . . . . . 11

<u>USE OF FIREARM TO COMMIT A CRIME OF VIOLENCE (18 U.S.C. § 924(c))</u>

8.   The Indictment and the Statute . . . . . . . . . . 13

9.   Limiting Instruction . . . . . . . . . . . . . . . 15

10.  Elements of the Offense . . . . . . . . . . . . . 16

11.  First Element--Commission of the Predicate Crime . 17

12.  Second Element--Knowing Use of Firearm
     During and in Relation to the Commission of
     the Predicate Crime . . . . . . . . . . . . . . . 18

I.

REQUEST
NO.
                                                                    PAGE
                                                                    NO.

13.   Third Element - Murder (18 USC § 1111)  . . . . . .  20

14.   Elements of the Offense . . . . . . . . . . . . . .  21

15.   First Element--Defendant Killed the Decedent  . . .  22

16.   Second Element--Unlawful Killing  . . . . . . . . .  23

17.   Third Element--Malice Aforethought  . . . . . . . .  24

18.   Fourth Element–Premeditation or Lying in Wait . . .  26

19.   Lesser Included Offense . . . . . . . . . . . . . .  28

20.  Improper Considerations:  Race, Religion,
     National Origin, Sex or Age  . . . . . . . . . . . .  30

21.  Sympathy . . . . . . . . . . . . . . . . . . . . . .  31

22.  Previous Trial . . . . . . . . . . . . . . . . . . .  32

23.  Intentionally  . . . . . . . . . . . . . . . . . . .  33

24.  Stipulation of Facts . . . . . . . . . . . . . . . .  34

25.  Stipulation of Testimony . . . . . . . . . . . . . .  35

26.  Charts and Summaries (Admitted as Evidence)  . . . . .  36

27.  Charts and Summaries (Not Admitted as Evidence)  . . . .  37

28.  Defendant's Reputation . . . . . . . . . . . . . . .  38

29.  Opinion of Defendant's Character . . . . . . . . . .  40

30.  Cross-Examination of Witness on Defendant's Character  .  41

31.  Admission of Defendant . . . . . . . . . . . . . . .  42

ii.

| REQUEST NO. | | PAGE NO. |
|---|---|---|
| 32. | Similar Acts—Identity, Common Scheme, Plan or Preparation . . . . . . . . . . . . . . . . . . . . | 43 |
| 33. | Consciousness of Guilt from Flight . . . . . . . . . . . | 44 |
| 34. | Consciousness of Guilt from Use of False Name . . . . . | 45 |
| 35. | Consciousness of Guilt from False Exculpatory Statement . . . . . . . . . . . . . . . . . . . . . . . . | 46 |
| 36. | Consciousness of Guilt From Disguised Handwriting . . . | 47 |
| 37. | Knowledge, Willfulness, Intent, Malice . . . . . . . . . | 48 |
| 38. | Witness Credibility—General Instruction . . . . . . . . | 50 |
| 39. | Bias and Hostility . . . . . . . . . . . . . . . . . . . | 53 |
| 40. | Defendant's Interest if Defendant Testifies . . . . . . | 54 |
| 41. | Statutory Immunity of Government Witness . . . . . . . . | 55 |
| 42. | Law Enforcement Witness . . . . . . . . . . . . . . . . | 57 |
| 43. | Identification Testimony . . . . . . . . . . . . . . . . | 58 |
| 44. | Expert Witness (Generally) . . . . . . . . . . . . . . . | 60 |
| 45. | Handwriting Experts . . . . . . . . . . . . . . . . . . | 61 |

REQUEST NO 1.    FREEDOM OF ACCESS TO REPRODUCTIVE HEALTH
SERVICES (18 U.S.C. § 248(a)(1))

### THE INDICTMENT AND THE STATUTE

In Count One of the indictment, the defendant is charged with violating the freedom of access to reproductive health services statute.  Count One of the indictment reads as follows:

### COUNT ONE

The Grand Jury Charges:

On or about October 23, 1998, in the Western District of New York, the defendant, JAMES CHARLES KOPP, did knowingly and by force, intentionally injure, intimidate and interfere with Dr. Barnett Slepian because Dr. Barnett Slepian was and had been providing reproductive health services, that is, medical services relating to the human reproductive system, including services relating to pregnancy and the termination of pregnancy, and did cause the death of Dr. Barnett Slepian.

All in violation of Title 18, United States Code, Sections 248(a)(1)and (b).

- 1 -

Defendant JAMES CHARLES KOPP is charged in Count One of the Indictment with having violated Section 248 of Title 18, United States Code.  The words of this statute that are pertinent read as follows:

> Whoever -- by force or threat of force . . . intentionally injures, intimidates or interferes with or attempts to injure, intimidate, or interfere with any person because that person is or has been, . . . providing reproductive health services . . . shall be [guilty of a crime against the United States.]

Title 18, United States Code, Section 248.

-2-

**REQUEST NO 2.**          **ELEMENTS OF THE OFFENSE**

Four essential elements that must be proved beyond a reasonable doubt in order to establish the offense charged in Count One are:

FIRST:     The defendant used force.

SECOND:    The defendant intentionally injured or interfered with the victim.

THIRD:     The defendant acted as he did because the victim is, or had been, providing reproductive health services.

FOURTH:    That the defendant's conduct resulted in death.

I will now explain each of these four elements in more detail.

Title 18, United States Code, Section 248.

**REQUEST NO 3.**          **FIRST ELEMENT--THE DEFENDANT USED FORCE**

The first element of the Section 248 offense charged in Count One requires the use of force. The term "force" includes the exercise and application of physical power. In common usage force means power, violence, compulsion, or constraint exerted upon or against a person or thing.

Authority:

Webster's Ninth New Collegiate Dictionary, 482 (1984).

-4-

**REQUEST NO 4.**  **SECOND  ELEMENT  - DEFENDANT INTENTIONALLY INJURED OR INTERFERED WITH THE VICTIM**

The government must prove that the defendant intentionally injured or interfered with the victim.  The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

If you find that the defendant acted voluntarily and purposely to injure and to interfere with the victim rather than inadvertently or by mistake, then you may find this element of the offense proved.

<u>Authority</u>:

O'Malley and Grenig, <u>Federal Jury Practice and Instructions</u> §17.07 (5th ed. 2000);

<u>United States v. Weslin</u>. 156 F.3d 292 (2d Cir. 1998)("It follows that the defendants, <u>whatever their motive may have been</u>, did intend to obstruct and interfere with the obtaining and provision of reproductive health services as defined by Congress.    That is all the intent that the statute requires.")(emphasis supplied).

**REQUEST NO 5.**          **DEFINITIONS**

For the second element of the offense charged in Count One, the word "injure" has no technical meaning; it is to be understood in its ordinary meaning.   The term "interfere with" means to restrict a person's freedom of movement.

Authority:

18 U.S.C. §248(e)(2).

United States v. McDermott, 29 F.3d 404, 408-09 (8th Cir. 1994) (upholding conspiracy conviction and approving jury instruction that defined the words "injure," "oppress," "threaten," or "intimidate" as words "not used in any technical sense, but . . . cover[ing] a variety of conduct intended to harm, frighten, punish or prevent the free action of other persons.")

**REQUEST NO 6.**  **THIRD ELEMENT--DEFENDANT ACTED AS HE DID BECAUSE THE VICTIM WAS, OR HAD BEEN, PROVIDING REPRODUCTIVE HEALTH SERVICES**

With regard to the third element, the government must prove that the defendant acted as he did because the victim was or had been providing reproductive health services.

"Reproductive health services" means reproductive health services provided in a hospital clinic, physician's office or other facility and includes medical, surgical, counseling or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy.

However, the use of force against a provider of reproductive health services is prohibited wherever it occurs, whether at the clinic site, the victim's home, or elsewhere in the community if the defendant acted because the victim provided reproductive health services.

Authority:

18 U.S.C. §248(e)(5).

H. Rep. No. 103-306, at 12 (1993)("Both threats of force would be covered wherever they occur, whether at the clinic site, at the victim's home, the service provider's home, or elsewhere in the community.").

-8-

S. Rep. No. 103-117, at 24 (1993) ("The conduct prohibited by section 2715(a)(1) [codified at 18 U.S.C.§ 248(a)(1)] constitutes a violation whether or not it occurs at or in the vicinity of a facility that provides abortion-related services. For example, the shooting of a doctor at her home could be an unlawful use of force if it is intended to intimidate her because she provides abortion-related services. The blockade of a provider's house or the placement of cement to block his driveway, if it makes passage to an abortion facility unreasonable difficult, could constitute an unlawful physical obstruction. Death threats to a doctor away from the clinic, whether made in person or, example, by telephone or mail to the doctor's home could constitute unlawful threats of force...The Committee intends these examples of violations to be illustrative and not exhaustive.").

S. Rep. No. 103-117, at 7(1993) ("Vandalism is on the rise not only against abortion  facilities, but also against the homes and property of health care personnel." ).

S. Rep. No. 103-117, at 10(1993) ("Testimony submitted to the Committee describes one of the many death threats Dr. Curtis Boyd has received, some of which have been hand-placed in his home mailbox."

S. Rep. No. 103-117, at 10(1993) ("In Dallas, Dr. Norman Tompkins, who performs abortions as part of a private obstetrics/gynecological practice, has been threatened repeatedly at home and at work.") .

"Senate bill 636 would...[create] a comprehensive response that would authorize civil and criminal penalties for interference with access to abortion services, regardless of whether that interference occurred at the site of a clinic as part of a large-scale action or involved sabotage in the middle of the night or involved an attack on an abortion provider in her or his home or car." The Freedom of Access to Clinics Entrances Act: Hearing on S.636 Before the Senate Comm. on  Labor and Human Resources, 103d Cong. 10(1993) (statement of Atty. Gen. Janet Reno)

"I think the reasons are clear because we have received increased information over these last several weeks that the activities of some of the anti-abortion groups have moved away from the clinics to the homes and neighborhoods of doctors and to the schools and stores that they may be directly involved in. Violence can occur in any of these places, and, I think it is important that we recognize that in, again, protecting

this fundamental right. <u>The Freedom of Access to Clinics Entrances Act: Hearing on S.636 Before the Senate Comm. on Labor and Human Resources</u>, 103d Cong. 21 (1993) (statement of Atty. Gen. Janet Reno responding to a question from Sen. Kennedy asking, "Is it important in your own view that his legislation will also provide protections just beyond the narrow definition of an entrance, and what do you feel is the justification for that.").

"Since I have been undeterred by rescues plus daily harassment of patients, staff, and myself at the clinic, the protesters have picketed the homes of two of my staff, whom they consider especially vulnerable because of the presence of small children. They protest frequently at the home of my nurse-counselor (a Catholic grandmother with nine children and nine grandchildren) and have occasionally gone to the home of one of the assistants, who has young children at home." <u>Clinic Blockades: Hearings Before the Subcomm. on Crime and Criminal Justice of the House Comm. on the Judiciary,</u> 102d Cong. 74 (1992) (written statement of Elizabeth Karlin, M.D.).

"A variety of methods have been employed to interfere with childslaughter; from gluing facility doors shut, to demolition of the same; from picketing abortionists [sic] homes to shooting them." <u>Clinic Blockades: Hearings Before the Subcomm. on Crime and Criminal Justice of the House Comm. on the Judiciary,</u> 102d Cong. 160 (1992) (written statement of Michael Bray).

**REQUEST NO 7.**     **FOURTH  ELEMENT  -  THE DEFENDANT'S CONDUCT RESULTED IN DEATH**

The fourth element to be proved for the offense charged in Count One is that the defendant's conduct resulted in the death of Dr. Barnett Slepian.

In order for you to find that this factor has been satisfied, you must find that the death was a natural and foreseeable consequence of an act committed by the defendant.  It is not necessary for the government to prove that the defendant actually intended for Dr. Barnett Slepian to die.

Authorities:

> S. Rep. No. 117, 103d Cong., 1st Sess. 3 (1993) ["Senate Report"] at 25.  ("These penalties are consistent with those provided in the statutes upon which this Act is principally modeled (18 U.S.C. §245;  and 42 U.S.C. §3631).

> Pattern Crim. Jury Instr. 7th Cir. 18 U.S.C. § 241 Committee Comment on "Death" ("It is not necessary for the prosecution to prove that the defendants intended (name) to die as a result of their conspiracy.  This element would be satisfied if you find that the conduct of one or more defendants contributed to or hastened the death of (name), even if that conduct alone would not have caused his/her death.")

> Pattern Crim. Jury Instr. 10th Cir. § 2.16 [Conspiracy To Deprive Person Of Civil Rights-18 U.S.C. § 241] ("The government need not prove that the defendant intended for [name of person] to die.  It must prove that [name of

- 11 -

person]'s death was a foreseeable result of the defendant's conduct.")

United States v. Page, 84 F.3d 38 (1st Cir. 1996) (interpreting "if bodily injury results" to warrant application of felony enhancement even where the one injured by the defendant's conduct was not the "victim" of the civil rights violation)

United States v. Hayes, 589 F.2d 811 (5th Cir.), cert. denied 444 U.S. 847 (1979) (("A fundamental principle of criminal law is that a person is held responsible for all consequences proximately caused by his criminal conduct.  Thus, where events are foreseeable and naturally result from one's criminal conduct, the chain of legal causation is considered unbroken and the perpetrator is held criminally responsible for the resulting harm.  When the Congress provided that any deprivation of defined rights under color of law resulting in death may be punished by life imprisonment, we must consider it to have been fully cognizant of the principles of legal causation. . . . No matter how you slice it, 'if death results' does not mean 'if death was intended.'  To hold otherwise would make a mockery of the statute.")

United States v. Piche, 981 F.2d 706 (4th Cir. 1992) ((approving similar jury instruction on "death resulting") (superseded by statute on other grounds, Mandatory Victims Restitution Act, 18 U.S.C. § 3664(f)(1)(A))

United States v. Myers, 972 F.2d 1566, 1572-73 (11th Cir. 1992) (definition of bodily injury in § 242 case).

United States v. Guillette, 547 F.2d 743, 749-50 (2d Cir. 1976) ("To confine the meaning of 'result' to direct causation not only would be at odds with common law principles of legal causation but also would seriously impair the effectiveness of § 241.  The more severe punishment prescribed for those conspiracies resulting in death was designed to deter the type of conduct that creates a risk of loss of life or serious bodily injury. Construing the statute as requiring only direct causation would merely encourage those bent on depriving others of their constitutional rights to devise roundabout but potentially dangerous means of achieving their ends.")

REQUEST NO 8.       USE OF FIREARM TO COMMIT A CRIME OF VIOLENCE
                    (18 U.S.C. § 924(c))

### THE INDICTMENT AND THE STATUTE

In Count Two of the indictment, the defendant is charged with using a firearm to commit a crime of violence.  Count Two of the indictment reads as follows:

### COUNT TWO

#### The Grand Jury Charges:

On or about October 23, 1998 in the Western District of New York, the defendant, JAMES CHARLES KOPP, did knowingly carry and use a firearm, a Russian SKS rifle bearing serial number GYU 10251, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, to wit:  interfering by force with the providing of reproductive health services on October 23, 1998 in East Amherst, New York, as set forth in Count One of this indictment, which is realleged and incorporated by reference herein, in violation of Title 18, United States Code, Section 924(c)(1), and in the course of this violation caused the  death of a person through the use of a firearm, which killing is a murder as defined in Title 18, United States Code,

- 13 -

Section 1111, in that the defendant, with malice afterthought, did unlawfully kill Dr. Barnett Slepian by shooting him with the firearm, willfully, deliberately, maliciously, and with premeditation.

All in violation of Title 18, United States Code, Sections 924(c) and (j)(1).

The relevant statute on this subject is Title 18, United States Code section 924(c), which provides:

> [A]ny person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses a firearm, shall [be guilty of a crime].

---

2   L.   Sand,   et   al.,   Modern   Federal   Jury   Instructions   2005, Instruction 35-76.

- 14 -

**REQUEST NO 9.**        **LIMITING INSTRUCTION**

Under Count Two, the defendant is charged with using a firearm during the commission of the crime of violence which is charged in Count One.

If upon all of the evidence you find that the government has failed to prove Count One beyond a reasonable doubt, then you will proceed no further.   Count Two is to be considered only if you first find the defendant guilty under Count One as charged.

In reaching your verdict on Count Two, you may consider the evidence of Count One only for the purpose of determining whether the elements of Count Two have been satisfied.

2 L. Sand, _et al_., _Modern Federal Jury Instructions_ 2005, Instruction 35-77.

**REQUEST NO 10.**      **ELEMENTS OF THE OFFENSE**

The government must prove each of the following elements beyond a reasonable doubt to sustain its burden of proving the defendant guilty:

First, that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States.

Second, that the defendant knowingly used a firearm during and in relation to the commission of the crime charged in Count One.

Third, that in the course of using the firearm to commit the act of violence, the death of a person was caused which constitutes a murder as further defined in these instructions.

2  L.  Sand,  <u>et  al</u>.,  <u>Modern  Federal  Jury  Instructions</u>  2005, Instruction 35-78.

- 16 -

**REQUEST NO 11.**     **FIRST   ELEMENT--COMMISSION   OF   THE   PREDICATE CRIME**

The first element the government must prove beyond a reasonable doubt is that the defendant committed a crime of violence for which he might be prosecuted in a court of the United States.

Defendant is charged in Count One of the indictment with committing the crime of injuring, intimidating and interfering with Dr. Barnett Slepian because Dr. Slepian was and had been providing reproductive health services, causing the death of Dr. Barnett Slepian. I instruct you that the crime of injuring, intimidating and interfering with a person because that person is or has been providing reproductive health services and causing the death of that person is a crime of violence. However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the crime of injuring, intimidating and interfering with Dr. Barnett Slepian because Dr. Slepian was and had been providing reproductive health services, causing the death of Dr. Barnett Slepian, as charged.

2 L. Sand, _et al._, _Modern Federal Jury Instructions_ 2005, Instruction 35-79.

- 17 -

**REQUEST NO 12.**      **SECOND ELEMENT--KNOWING USE OF FIREARM DURING AND IN RELATION TO THE COMMISSION OF THE PREDICATE CRIME**

The second element the government must prove beyond a reasonable doubt is that the defendant knowingly used a firearm during and in relation to the commission of the crime charged in Count One.

A "firearm" is any weapon which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

In order to prove that the defendant used the firearm, the government must prove beyond a reasonable doubt an active employment of the firearm by the defendant during and in relation to the commission of the crime of violence. This does not mean that the defendant must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm. However, the mere possession of a firearm at or near the site of the crime without active employment as I just described it is not sufficient to constitute a use of the firearm.

- 18 -

To satisfy this element, you must also find that the defendant used the firearm knowingly. This means that he carried the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use the word. However, the government is not required to prove that the defendant knew that he was breaking the law.

2 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 35-80.

**REQUEST NO 13.**    **THIRD ELEMENT - MURDER (18 U.S.C. § 1111)**

### THE INDICTMENT AND THE STATUTE

In Count Two, as I have previously read to you, the defendant is charged with killing Dr. Barnett Slepian in a manner defined as murder.

The relevant statute on this subject is section 1111 of Title 18 of the United States Code, which provides:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious and premeditated killing . . . is murder in the first degree.
>
> Any other murder is murder in the second degree.

2  L.  Sand,  et  al.,  Modern  Federal  Jury  Instructions  2005, Instruction 41-1.

- 20 -

**REQUEST NO 14.**       **ELEMENTS OF THE OFFENSE**

To prove murder in the first degree the government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant killed Dr. Barnett Slepian as charged;

Second, that the defendant acted unlawfully;

Third, that the defendant acted with malice aforethought; and

Fourth, that the defendant acted with premeditation or by lying in wait.

2 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 41-2.

**REQUEST NO 15.**     **FIRST ELEMENT--DEFENDANT KILLED DECEDENT**

The first element the government must prove is that the defendant killed Dr. Barnett Slepian as charged in the indictment.

In this regard it is the government's burden to prove that the defendant's conduct was the direct cause of Dr. Barnett Slepian's death.   This means simply that the government must prove that the defendant inflicted an injury or injuries upon the deceased from which the deceased died.

2 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 41-3.

**REQUEST NO 16.**          **SECOND ELEMENT--UNLAWFUL KILLING**

The third element the government must prove beyond a reasonable doubt is that the defendant acted unlawfully.

An act is done unlawfully if it was done without justification or excuse. While the taking of a human life is a most serious matter, not all killing, even when intentional, is unlawful.

2 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 41-5.

**REQUEST NO 17.**    **THIRD ELEMENT--MALICE AFORETHOUGHT**

The fourth element the government must prove beyond a reasonable doubt is that the defendant acted with malice aforethought.

Malice is the state of mind that would cause a person to act without regard to the life of another.

To kill with malice aforethought means to kill either deliberately and intentionally or recklessly with extreme disregard for human life.

The government need not prove a subjective intent to kill on the part of the defendant. It would be sufficient to satisfy this element if it proved reckless and wanton conduct on the part of the defendant which grossly deviated from a reasonable standard of care such that he was aware of the serious risk of death.

In order to establish this element, the government must prove that the defendant acted willfully, with a bad or evil purpose to

-24-

break the law.   However, the government need not prove spite, malevolence, hatred or ill will to Dr. Barnett Slepian.

Malice aforethought may be inferred from evidence that a deadly weapon was used.   If it is shown that the defendant used a deadly weapon in the commission of a homicide, then you may find, from the use of such weapon, in the absence of explanatory or mitigating circumstances, the existence of the malice which is an essential element of the offense. You are not obliged so to find, however. You may not find the defendant guilty unless you are satisfied that the government has established every essential element of the offense, as explained in this charge, beyond a reasonable doubt.   A firearm, as a matter of law, is a deadly weapon.

Modified from: 2 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 41-6.

Ninth Circuit Pattern Jury Instructions, § 8.11A (1985) cited in United States v. Washington, 819 F. 2d 221, 225-26 (9th Cir. 1987); United States v. Warren, 25 F. 3d 890 (9th Cir. 1994) and United States v. Houser, 130 F. 3d 863 (9th Cir. 1997).

**REQUEST NO 18.**        **FOURTH ELEMENT--PREMEDITATION OR LYING IN WAIT**

The final element the government must prove beyond a reasonable doubt is that the defendant acted with premeditation or while lying in wait.

An act is done with premeditation if it is done upon deliberation. In order to satisfy this element the government must prove that the defendant killed Dr. Barnett Slepian only after thinking the matter over, deliberating whether to act before committing the crime. There is no requirement that the government prove that the defendant deliberated for any particular period of time in order to show premeditation. It is sufficient to satisfy this element if you find that before he acted, the defendant had a period of time to become fully aware of what he intended to do and to think it over before he acted.

Or you may find that the defendant committed the murder while lying in wait. The term lying in wait is generally defined as the

series of acts involved in watching, waiting and hiding from someone, with the intent of killing or inflicting serious bodily injury on that person.

Adapting 2 L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> 2005, Instruction 41-7 and <u>United States v. Locust</u>, 95 Fed Appx. 507, (4th Cir. 2004).

**REQUEST NO 19.**      **LESSER INCLUDED OFFENSE**

If you find the defendant not guilty of murder in the first degree, then you should proceed to determine whether the defendant is guilty of murder in the second degree.

A lesser offense, included within the crime of murder in the first degree, is murder in the second degree.   The elements of murder in the second degree are:

First, that the defendant killed Dr. Barnett Slepian, as charged;

Second, that the defendant acted unlawfully; and

Third, that the defendant acted with malice aforethought.

Again, it is the government's burden to prove each of these elements beyond a reasonable doubt.

As you can see, the crime of murder in the second degree does not require the government to prove the final element required for murder in the first degree; namely, premeditation or lying in wait.

2  L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 41-16.

REQUEST NO 20.     IMPROPER   CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age.  All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decision making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

1 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 2-11.

-30-

**REQUEST NO 21.**      **SYMPATHY**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

1  L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 2-12.

-31-

**REQUEST NO 22.**          **PREVIOUS TRIAL**


You have heard testimony about a previous trial in state court.  The fact that this is the second trial is irrelevant to your consideration of this case.  You should not consider the fact of a previous trial in any way.  Your verdict in this case must be based solely upon the facts as you find them from the evidence introduced at this trial in accordance with the law as I charge you.


1 L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> 2005, Instruction 2-13.

- 32 -

**REQUEST NO 23.**     **INTENTIONALLY** [1]

The government must prove beyond a reasonable doubt that the defendant acted intentionally when he injured Dr. Slepian as charged in Count One.  Before you can find that the defendant acted intentionally, you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  That is, defendant's acts must have been the product of defendant's conscious objective rather than the product of a mistake or accident.

1  L.  Sand,  et  al.,  Modern  Federal  Jury  Instructions  2005, Instruction 3A-4.

_____

[1]The Second Circuit has recommended that this instruction be used whenever the defendant is charged with a crime requiring proof that he "intentionally" committed an act.  United States v. Townsend, 987 F.2d 927 (2d Cir. 1993).

- 33 -

**REQUEST NO 24.**    **STIPULATION OF FACTS**


A stipulation is an agreement among the parties that a certain fact is true.   You should regard such agreed facts as true.

1  L.  Sand,  _et  al_.,  <u>Modern  Federal  Jury  Instructions</u>  2005, Instruction 5-6.

**REQUEST NO 25.**     **STIPULATION OF TESTIMONY**


A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony in court. However, it is for you to determine the effect to be given that testimony.


1  L.  Sand,  et  al.,  Modern  Federal  Jury  Instructions  2005,
Instruction 5-7.

**REQUEST NO 26.**          **CHARTS AND SUMMARIES (ADMITTED AS EVIDENCE)**


The government (or defense) has presented exhibits in the form of charts and summaries.   I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.   You should consider these charts and summaries as you would any other evidence.

1 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 5-12.

**REQUEST NO 27.**     **CHARTS AND SUMMARIES (NOT ADMITTED AS EVIDENCE)**

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.   They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence.   Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules or summaries correctly present the information contained in the testimony and in the exhibits on which they were based.   You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing the evidence and understanding the evidence.

---

1  L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> 2005, Instruction 5-13.

-37-

**REQUEST NO 28.**     **DEFENDANT'S REPUTATION**

The defendant has called witnesses who have testified to his good reputation in the community. This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Such character evidence alone may indicate to you that it is improbable that a person of good reputation would commit the offense charged. Accordingly, if, after considering the question of the defendant's good reputation, you find that a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if, after considering all of the evidence, including that of the defendant's reputation, you are satisfied

beyond a reasonable doubt that the defendant is guilty, you should
not acquit the defendant merely because you believe he is a person
of good reputation.

1  L.  Sand,  et  al.,  Modern  Federal  Jury  Instructions  2005,
Instruction 5-14.

-39-

**REQUEST NO 29.**        **OPINION OF DEFENDANT'S CHARACTER**

The defendant has called witnesses who have given their opinion of his good character.  This testimony is not to be taken by you as the witness' opinion as to whether the defendant is guilty or not guilty.  That question is for you alone to determine. You should, however, consider this character evidence together with all the other facts and all the other evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including testimony about the defendant's good character, you find a reasonable doubt has been created, you must acquit him of all the charges.

On the other hand, if after considering all the evidence including that of defendant's character, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe him to be a person of good character.

1 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 5-15.

- 40 -

**REQUEST NO 30.**     **CROSS-EXAMINATION OF WITNESS ON DEFENDANT'S CHARACTER**

The prosecution asked certain questions on cross-examination of the defendant's character witness about specific acts supposedly committed by the defendant. I caution you that the prosecution was allowed to ask these questions only to help you decide whether the witness was accurate in forming his opinion or in describing the reputation of the defendant's character. You may not assume that the acts described in these questions are true, nor may you consider them as evidence that the defendant committed the crime for which he is charged. You may therefore consider the questions only in deciding what weight, if any, should be given to the testimony of the character witness and for no other purpose. You should not consider such questions as any proof of the conduct stated in the question.

1 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 5-16.

**REQUEST NO 31.**   **ADMISSION OF DEFENDANT**


There has been evidence that the defendant made certain statements in which the government claims he admitted certain facts charged in the indictment.


In deciding what weight to give the defendant's statements, you should first examine with great care whether each statement was made and whether, in fact, it was voluntarily and understandingly made. I instruct you that you are to give the statements such weight as you feel they deserve in light of all the evidence.


Admissions of a defendant are among the most effectual proofs in the law, and constitute the strongest evidence against the party making it that can be given of the facts stated in the admissions. Accordingly, if you choose, you are entitled to give great weight to the defendant's admission in this case.



1 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 5-19 and Wilson v. United States, 162 U.S. 613, 627, 16 S. Ct. 895, 40 L. Ed. 1090 (1896)

**REQUEST NO 32.**     **SIMILAR ACTS-IDENTITY, COMMON SCHEME, PLAN OR PREPARATION**

There has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the indictment.   If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the indictment, then you may, but you need not, infer that (the defendant was the person who committed the acts charged in this indictment) (the acts charged in this indictment and the other conduct were part of a common plan or scheme committed by the defendant).

However, the evidence of similar conduct is to be considered by you only on the issue of (identity) (common scheme, plan or preparation).   It may not be considered by you for any other purpose.   Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.

1  L.  Sand,  <u>et  al</u>.,  <u>Modern  Federal  Jury  Instructions</u>  2005, Instruction 5-26.

**REQUEST NO 33.**          **CONSCIOUSNESS OF GUILT FROM FLIGHT**

You have heard evidence that the defendant fled after he believed that he was about to be charged with committing the crime for which he is now on trial.  If proved, the flight of a defendant after he knows he is to be accused of a crime may tend to prove that the defendant believed that he was guilty.  It may be weighed by you in this connection, together with all the other evidence.

However, flight may not always reflect feelings of guilt. Moreover, feelings of guilt, which are present in many innocent people, do not necessarily reflect actual guilt.

You are specifically cautioned that evidence of flight of a defendant may not be used by you as a substitute for proof of guilt.  Flight does not create a presumption of guilt.

Whether or not evidence of flight does show that the defendant believed that he was guilty, and the significance, if any, to be given to the defendant's feelings on this matter are for you to determine.

1  L.  Sand,  et  al.,  Modern  Federal  Jury  Instructions  2005, Instruction 6-9.

- 44 -

**REQUEST NO 34.**          **CONSCIOUSNESS OF GUILT FROM USE OF FALSE NAME**

There has been evidence that the defendant may have used a false name. If you find that the defendant knowingly used a name other than his own in order to conceal his identity and to avoid identification, you may, but are not required to, infer that the defendant believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged. Whether or not evidence of the use of a false name shows that the defendant believed he was guilty and the significance, if any, to be attached to that evidence are matters for you to determine.

1  L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> 2005, Instruction 6-10.

- 45 -

**REQUEST NO 35.**      **CONSCIOUSNESS OF GUILT FROM FALSE EXCULPATORY STATEMENT**

You have heard testimony that the defendant made certain statements outside the courtroom to law enforcement authorities in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

1  L.  Sand,  et  al.,  Modern  Federal  Jury  Instructions  2005, Instruction 6-11.

**REQUEST NO 36.**    **CONSCIOUSNESS    OF    GUILT FROM DISGUISED HANDWRITING**

There has been evidence that the defendant submitted examples of his handwriting to the government for analysis and comparison with the handwriting on other documents in evidence.    In this connection, there has been testimony from a handwriting expert that the handwriting exemplars submitted by the defendant were not true samples of the defendant's handwriting.

If you find that the defendant disguised his handwriting you may, but you need not, infer that the defendant believed that he was guilty.    You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not evidence that the defendant disguised his handwriting shows that the defendant believed that he was guilty and the significance, if any, to be given to such evidence, are matters for you, the jury, to decide.

1  L.  Sand,  _et al_.,  Modern  Federal  Jury  Instructions  2005, Instruction 6-13.

- 47 -

**REQUEST NO 37.**     **KNOWLEDGE, WILLFULNESS, INTENT, MALICE**

Knowledge, willfulness (or malice) and intent involve the state of a person's mind. It has often been said to juries that the state of one's mind is a fact as much as the state of his digestion. Accordingly, this is a fact you are called upon to decide.

Medical science has not yet devised an instrument which can record what was in one's mind in the distant past. Rarely is direct proof available to establish the state of one's mind. This may be inferred from what he says or does: his words, his actions, and his conduct, as of the time of the occurrence of certain events.

The intent with which an act is done is often more clearly and conclusively shown by the act itself, or by a series of acts, than by words or explanations of the act uttered long after its occurrence. Accordingly, intent, willfulness (or malice) and knowledge are usually established by surrounding facts and

circumstances as of the time the acts in question occurred, or the events took place, and the reasonable inferences to be drawn from them.

1 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 6-17.

**REQUEST NO 38.**     **WITNESS CREDIBILITY-GENERAL INSTRUCTION**

You have had an opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues under the counts of the indictment, in the face of the very different pictures painted by the government and the defense which cannot be reconciled.  You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.  In making those judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you to decide the truth and the importance of each witness' testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you.  Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way

- 50 -

the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he contradict himself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice or hostility that may have caused the witness--consciously or not--to give you something other than a completely accurate account of the facts he testified to?

Even if the witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and you should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

1  L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 7-1.

- 52 -

**REQUEST NO 39.**          **BIAS AND HOSTILITY**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant or toward the government.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

1 L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> 2005, Instruction 7-2.

**REQUEST NO 40.**      **DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES**

In a criminal case, the defendant cannot be required to testify, but, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, the defendant decided to testify. You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of this case. You should not disregard or disbelieve his testimony simply because he is charged as a defendant in this case.

1 L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> 2005, Instruction 7-4.

**REQUEST NO 41.**     **STATUTORY IMMUNITY OF GOVERNMENT WITNESS**

You have heard the testimony of a witness who has testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

You are instructed that the government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness' testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is colored in such a way as to place guilt upon the defendant in order to further the witness' own interests; for, such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.

- 55 -

Such testimony should be scrutinized by you with great care and you should act upon it with caution.  If you believe it to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

1  L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 7-8.

**REQUEST NO 42.**        **LAW ENFORCEMENT WITNESS**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

1  L. Sand, _et al._, _Modern Federal Jury Instructions_ 2005, Instruction 7-16.

**REQUEST NO 43.**          **IDENTIFICATION TESTIMONY**


One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime. The government has the burden of proving identity, beyond a reasonable doubt. It is not essential that the witness himself be free from doubt as to the correctness of his identification of the defendant. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.


Identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to observe the offender at the time of the offense and, later, to make a reliable identification of the offender.


You have heard the arguments of counsel on this subject, and I will not repeat them all here. I will only suggest to you that you should consider the following matters: Did the witness have the ability to see the offender at the time of the offense? Has the witness' identification of the defendant as the offender been

- 58 -

influenced in any way?  Has his identification been unfairly suggested by events that occurred since the time of the offense? Is his recollection accurate?

In addition, you should consider the credibility of the identification witness just as you would any other witness.

Let me repeat, the burden is on the prosecution to prove every element of the crime charged, including the identity of the defendant as the offender.  Therefore, if, after examining all of the evidence, you find that a crime was committed, but you have a reasonable doubt about whether it was the defendant who committed that crime, you must find him not guilty.

1  L.  Sand,  et al.,  Modern  Federal  Jury  Instructions  2005, Instruction 7-20.

**REQUEST NO 44.**        **EXPERT WITNESS (GENERALLY)**


In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.


In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.


1 L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u> 2005, Instruction 7-21.

**REQUEST NO 45.**      **HANDWRITING EXPERTS**

Some of the evidence you have heard involves a factual issue about whether handwriting in question is that of the defendant. There has been testimony of a witness who claims special qualification in the field of handwriting identification and he was allowed to express his opinion on that issue.

The witness was allowed to express an opinion in order to help you decide whether it is the defendant's handwriting. You may therefore consider the witness' opinion in reaching your independent decision on this issue.

In weighing this opinion testimony, you may consider the witness' qualifications and opinions and his reasons for testifying, in addition to all of the other considerations that apply to ordinary witnesses whose credibility you must determine. You may give the opinion testimony such weight, if any, as you find it deserves in light of all of the evidence. You should not permit the witness' testimony to be a substitute for applying your own

reason, judgment, and common sense.  You may accept or reject it in whole or in part, as you believe best.  The determination of the facts in this case rests solely with you.

1 L. Sand, et al., Modern Federal Jury Instructions 2005, Instruction 7-22.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        v.

JAMES CHARLES KOPP,

              Defendant.                00-CR-189-A

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2006, I electronically filed the **Government Proposed Substantive Jury Instructions** with the Clerk of the District Court by using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

John F. Humann, Esq.

I hereby certify that the foregoing was hand-delivered to the following non CM/ECF participant:

James Charles Kopp
Niagara County Jail
P. O. Box 496
Lockport, New York 14095

S/ JOANNE BEALE

- 63 -