UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                                                         DECISION AND ORDER
      v.                                                      00-CR-189A

JAMES CHARLES KOPP,

                      Defendant.

---

       On April 4, 2007, the defendant James Kopp filed a motion seeking various relief apparently related to an anticipated motion to correct the record.

       First, the defendant requests production of the audio tape recording of the verdict and polling of the jury and the paper stenographic machine record of the Court Reporter.  The Court denies these requests.  The Court Reporter has, in compliance with 28 U.S.C. § 753(b), filed a certified transcript with the clerk of the court.  This is the official record which by statute is "deemed prima facie a correct statement of the testimony taken and the proceedings had." 28 U.S.C. § 753(b).  The Guide to Judicial Policies and Procedures provides that audio tapes that back up a stenographic recorder are the personal property of the reporter and therefore cannot be provided.  Smith v. U.S. District Court Officers, 203 F.3d 440, 442 (7th Cir. 2000).

       If the defendant believes the transcript is inaccurate, the proper procedure is to request the court to settle the record.  This requires the defendant

to specify what is inaccurate in the transcript and the defendant has failed to so specify. According to Federal Rule of Appellate Procedure 10(e):

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

The rule does not require that the district court hold an evidentiary hearing, only that it consider and settle the dispute. United States v. Brika, 416 F.3d 514, 529-530 (6th Cir. 2005), cert denied, 126 S.Ct. 1418 (2006). Therefore, the Court denies defendant's request to depose and/or subpoena the jurors is denied. When the court "'settles a dispute about what occurred in proceedings before it, the court's determination is conclusive unless intentionally false or plainly unreasonable . . . because 'ultimately the [District] Court has direct knowledge of what the parties [stated in the] case and of what the Court's own general procedures are.' " United States v. Hernandez, 227 F.3d 686, 695 (6th Cir.2000) (quoting United States v. Barrow, 118 F.3d 482, 488 (6th Cir.1997)).

The defendant also requests the Court to reinstate his motion to suppress statements he made to the media and in state court. The motion has been waived by the defendant since pursuant to Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, a motion to suppress evidence must be made pretrial. See United States v. Yousef, 327 F. 3d 56, 125 (2d Cir. 2003); United States v. Howard, 998 F.2d 42, 52 (2d. Cir. 1993). Further, the Court previously denied defendant's *pro se* motion to reinstate the motion to suppress the statements to the media. See Order of December 21, 2006 , Docket number 242.

As the motion to suppress has been waived, defendant's request for documents relating to the issue of the legal representation of the defendant by Bruce Barket, Esq., is also denied.

SO ORDERED.

                                                s/ *Richard J. Arcar*a  
                                                HONORABLE RICHARD J. ARCARA  
                                                CHIEF JUDGE  
                                                UNITED STATES DISTRICT COURT

DATED: April 24 , 2007