UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                              DECISION AND ORDER
      v.                                          00-CR-189A

JAMES CHARLES KOPP,

                        Defendant.

---

        Currently before the Court is defendant James Charles Kopp's motion for settlement of the trial record, presumably pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure, and renewed motion for access to any audiotapes of the polling of the jury during the return of the verdict.

        The Court's court reporter has, in compliance with 28 U.S.C. § 753(b), filed a certified transcript of the polling of the jury with the clerk of the court. This is the official record which by statute is "deemed prima facie a correct statement of the testimony taken and the proceedings had." 28 U.S.C. § 753(b). The Court has reviewed the certified transcript and based on the Court's own first-hand observations and recollection, finds that the transcript accurately reflects what was said by the jurors at the time the verdict was taken. More specifically, the Court can state unequivocally that it heard each and every juror respond "yes" when asked if their verdict was the same as the verdict reported by the foreperson. Defendant's assertion that one or more jurors failed to make any

response is incorrect. The transcript obviously does not reflect the demeanor (such as a delay in answering or weeping) of the jurors as they responded during the polling procedure, but the defendant was given an opportunity and did, in fact, state his observations of the jurors on the record following the verdict.

Accordingly, defendant's motion for settlement of the record is denied.

With regard to defendant's renewed motion for access to the audiotapes of the polling of the jury during the return of the verdict, the Court denies the motion for the same reasons cited in its Decision and Order of April 25, 2007. The audio recordings at issue here are not the original records of the court proceedings to which the parties would have a right of access. Rather, the audio recordings were merely the backup recordings made and used by the court reporter, who prepared a contemporaneous stenographic record of the proceeding. The Guide to Judiciary Policies and Procedures provides that:

> Back up tapes made by court reporters for their own convenience and not otherwise required by 28 U.S. C. § 753 are the personal property of the court reporters. There is no public entitlement to these recordings, with the exception of recordings of arraignments, changes of plea, and sentencings . . ..

6 *Guide to Judicial Policies and Procedures* § 16.5.4. Accordingly, parties have no right to access a court reporter's backup audio recordings, "unless some reason is shown to distrust the accuracy of the stenographic transcript." Smith v. United States Dist. Court Officers, 203 F.3d 440, 442 (7th Cir. 2000); see also

United States v. Mondragon-Avilez, 2006 WL 3589557 at *1 n.1 (D. Kan. Nov. 9, 2006); United States v. McVeigh, 931 F. Supp. 753, 755 (D. Colo. 1996); Emmel v. Coca-Cola Bottling Co. of Chicago, Inc., 904 F. Supp. 723, 753 (N.D. Ill. 1995), aff'd, 95 F.3d 627 (7th Cir. 1996).  Defendant has failed to make such a showing in this case.  As stated above, the Court finds that the official transcript accurately reflects what was said by the jurors at the time the verdict was taken.  Thus, defendant has no right of access to the backup audio recordings.

       SO ORDERED.

                                      s/ *Richard J. Arcara*
                                      HONORABLE RICHARD J. ARCARA
                                      CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT

DATED: May 16, 2007