UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

DECISION AND ORDER
            v.                                    00-CR-189A

JAMES CHARLES KOPP,

                              Defendant.

Currently before the Court are several objections to the Presentence

Investigation Report ("PSR") and other requests for relief by the defendant James

Charles Kopp.  The Court shall address some of these issues here and the

remainder at the time of sentencing.


**Custody Status of Defendant**

The defendant asserts that he is primary state custody and asked to

be returned to state custody after he is sentenced.  The Court finds that the

defendant is incorrect.

The government has asserted the following facts as to defendant's

custody status, against which the defendant has failed to offer any evidence.  The

defendant was extradited from France on requests from the State of New York

and the United States, after the United States agreed not to seek the death

penalty.  Pursuant to treaty and protocol, the defendant was turned over by

France to the U.S. Marshal Service ("USMS").  The defendant was transported

from France by the USMS aboard a plane provided by the Federal Bureau of

Investigation ("FBI").  An Amherst Police Department officer was on board.  The

plane landed at Niagara Falls Air base, Niagara Falls, Niagara County, New York.

The defendant and all on board were cleared by Customs and Border Protection

Officers.  The defendant was then turned over by the USMS to the FBI who

processed him and then presented him to United States Magistrate Judge Hugh

B. Scott for arraignment.  The defendant was held in federal custody without bail.

The defendant was then, pursuant to a writ of habeas corpus ad prosequendum,

presented to the Erie County Court for arraignment.  For all future appearances in

state court, the defendant's presence was obtained by a writ of habeas corpus ad

prosequendum.

As between the state and federal sovereigns, primary jurisdiction

over a person is generally determined by which one first obtains custody of, or

arrests, the person.  Thomas v. Brewer, 923 F.2d 1361, 1365 (9th Cir.1991); see

also United States v. Vann, 207 F. Supp. 108, 111 (E.D.N.Y.1962) (The

controlling factor in determining the power to proceed as between two contesting

sovereigns is the actual physical custody of the accused).

Here, the defendant has been and is currently in the primary

jurisdiction of the federal government.  The USMS and the FBI first obtained

custody of the defendant.  The fact that the defendant was tried, convicted and

sentenced by the State of New York first does not change primary jurisdiction. Shumate v. United States, 893 F. Supp. 137, 139 (N.D.N.Y.1995) (The general rule as to place of incarceration is that regardless of the order in which sentences are imposed, the sentence of the sovereign which has primary jurisdiction is served first.") (citing, In re Liberatore, 574 F.2d 78, 89 (2d Cir.1978)).  Thus, the defendant is and always has been in federal custody.

**Request for Defense Sentencing Witnesses**

The defendant requests that several witnesses be allowed to speak on his behalf at sentencing.  The Court denies this request.

**Motion for New Counsel**

The defendant asks for assignment of new counsel or to proceed *pro se*.  The Court denies this request.

Upon return of the jury's verdict on January 25, 2007, the Court set a schedule for post-trial motions and sentencing.  Generally, sentencing is held within 90 days of the verdict.  However, the defendant requested additional time to prepare post-trial motions and for sentencing, and the Court granted that request.  On February 27, 2007, the defendant requested additional time to file post-trial motions.  The Court again granted the request, but denied a request to

further adjourn sentencing, specifically warning the defendant that sentencing would not be adjourned.

After proceeding *pro se* at trial, the defendant requested assignment of counsel in a letter filed March 8, 2007, and on March 14, 2007, the Court granted the request and assigned Assistant Federal Public Defender John Humann, Esq., as counsel, noting that Mr. Humann had been stand by counsel during the trial and had represented Mr. Kopp prior to his *pro se* status.  At the time the Court granted the defendant's request for counsel, the Court warned the defendant that he would not be permitted to return to *pro se* status.  See <u>United States v. Reddeck</u>, 22 F.3d 1504, 1510-11 (10th Cir.1994) ("Once the defendant has elected either to waive appointed counsel or waive the  constitutional right to defend himself, he does not have an unlimited right to thereafter change his mind and seek the other path of representation.").

Mr. Humann subsequently filed a motion to withdraw as counsel, claiming a potential conflict of interest based on a potential ineffective assistance of counsel claim in the state prosecution.  The Court denied the motion.

On May 16, 2007, the defendant filed a motion asking for assignment new counsel or permission to proceed *pro se*.  The grounds cited by the defendant were a potential conflict (which the Court had already ruled on), failure of counsel to issue a subpoena duces tecum, and communications with counsel

4

with which the defendant disagreed.  The Court denied the motion by order dated

May 16, 2007, noting that the defendant failed to provide adequate justification.

It is well settled that the Sixth Amendment mandates that "[i]n all

criminal prosecutions, the accused shall enjoy the right ... to have the Assistance

of Counsel for his defence." U.S. Const. Amend. VI.  However, defendants who

do not have the means to hire their own lawyers have no cognizable complaint so

long as they are adequately represented by attorneys appointed by the courts.

United States v. White, 451 F.2d 1225 (6th Cir. 1971); United States v. Weninger,

624 F.2d 163 (10th Cir. 1980); Smith v. United States, 331 F.2d 784 (D.C.Cir.

1964); see generally Wheat v. United States, 486 U.S. 153, 159 (1988)

(explaining that "the essential aim of the [Sixth] Amendment is to guarantee an

effective advocate for each criminal defendant rather than to ensure that a

defendant will inexorably be represented by the lawyer whom he prefers.").

Here, the defendant has no right to assigned counsel of his choice.

The Criminal Justice Act Plan for the Western District of New York in Section XI

(I) specifically states that "A defendant shall not have the right to select a

particular attorney from the Federal Public Defender's Office or the Trial Panel or

from the Appellate Panel."

When a defendant chooses to be represented by counsel, the

defendant is obligated to follow counsel's exercise of professional judgement and

control of the defense.  All strategic and tactical decisions other than the

decisions to plead guilty, waive a jury and testify are the "exclusive province" of defense counsel and may not be overridden by defendant without waiver of the right to counsel.  See Henry v. Mississippi, 379 U.S. 443 (1965) (counsel's deliberate choice of strategy is binding on his client); United States v. Wadsworth, 830 F.2d 1500, 1509 (9th Cir. 1987) (trial tactics are clearly within the realm of powers committed to the discretion of defense counsel); United States v. Hillsberg, 812 F.2d 328, 333-34 (7th Cir. 1987) (denial of substitution motion need not be granted "where defendant and counsel have personality conflicts and disagreements over trial strategy").

The Second Circuit has adopted a four part test in evaluating whether a district court abused its discretion in denying a motion to substitute counsel: (1) whether defendant made a timely motion requesting new counsel; (2) whether the trial court adequately inquired into the matter; (3) whether the conflict between the defendant and his attorney was so great that it resulted in a total lack of communication preventing an adequate defense; and (4) whether the defendant substantially and unjustifiably contributed to the breakdown in communication.  United States v. John Doe No. 1, 272 F.3d 116 (2d Cir. 2001).

Applying the above test to this case, the Court denies the motion for substitution of counsel.  First, the motion is untimely.  It was first made 33 days before sentencing and after the PSR was prepared.  The Court has previously warned the defendant that sentencing will not be delayed, yet defendant's motion

6

appears to be an effort to do just that.  The killing of Dr. Slepian occurred in 1998,

over eight years ago, and the public, the victim's family and the defendant himself

have a right to prompt disposition of this case.  See 18 U.S.C. § 3771.  The

appointment of new counsel at this point would certainly require adjournment of

the sentencing, which at this point is unacceptable.  The Court, having already

granted a lengthy delay for the submission of pretrial motions and sentencing

submissions, will not allow any further delay.  "A request for change in counsel

cannot be justified if it proceeds from a transparent plot to bring about delay."

United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

The Court has repeatedly inquired as to the status of

communications between defendant and Mr. Humann and found that, even

though there has sometimes been a lack of agreement on strategy, they are in

fact communicating.  As the Court stated in the May 16th Order, "Mr. Humann is

here to provide defendant with a zealous representation; he is not here to do

whatever the defendant says or tell the defendant whatever it is the defendant

wants to hear.  The Court cannot and will not replace assigned counsel every

time a defendant disagrees with the way the counsel is conducting his defense."

See also United States v. Jones, 482 F.3rd 60, 73-79 (2d Cir. 2006).

A defendant who seeks the replacement of appointed counsel must

show more than the mere fact of a disagreement; he must show that the conflict

between lawyer and client was so profound as to cause a total breakdown in

communication, precluding the lawyer from effectively litigating the issues remaining in the case.  <u>United States v. Myers</u>, 294 F. 3d 203, 208 (1st Cir. 2002); <u>see also</u> <u>United States v. Smith</u>, 282 F. 3d 758, 764-765 (9th Cir. 2002).

Throughout these proceedings defendant Kopp has continually complained about his assigned counsel, not because there was a failure to communicate, but because there was a difference of opinion regarding strategy and because counsel abides by the Court's rulings and does not make repetitive motions seeking relief already ruled on by the Court.  There has not been a total breakdown warranting a substitution of counsel.

**<u>Motion for Access to Tape Recordings or to Preserve Tapes</u>**

The defendant asks that the Court order preservation of the court reporter's audio recording of the polling of jury.  Although the official mechanism for recording the trial proceedings was the court reporter, 28 U.S.C. §753(b), and the official record is the transcript, the Court will order the court reporter to preserve any audio recording she may have of the polling of the jury.

SO ORDERED.

s/ *Richard J. Arcar*a
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 18, 2007

8