IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        v.                                                                       00-CR-189-A

JAMES KOPP,

                Defendant.

---

## NOTICE REGARDING RECENT SECOND CIRCUIT DECISION

THE UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Timothy C. Lynch, Assistant United States Attorney, of counsel, hereby notifies the Court of the Court of Appeals for the Second Circuit's recent decision in *Al-'Owhali v. United States*, 36 F.4th 461, 2022 WL 2057539 (2d Cir. 2022), which could impact the Court's decision regarding the defendant's pending Section 2255 petition. The Second Circuit's decision is attached as Exhibit A.

In *Al-'Owhali*, the Second Circuit concluded that "the concurrent sentence doctrine applies to a collateral challenge to a conviction for which the sentence runs consecutively to one or more unchallenged life sentences." *Al-'Owhali*, *supra*, at *4.[1] It is appropriate to apply the doctrine in cases like Kopp's case where "the collateral challenge will have no effect on

---

[1] At the time of this filing, Westlaw does not have the references to the page number for the Federal Reporter.

the time the prisoner must remain in custody." *Id.* at *5. Here, Kopp is serving a life sentence as a result of his conviction on Count 1 of the Indictment, which charged a violation of Title 18, United States Code, Sections 248(a)(1) and 248(b), and the unreviewed conviction, in this case Count 2, which charged a violation of Title 18, United States Code, Sections 924(c) and 924(j), "will not yield any additional adverse collateral consequences." *Id.* at 4.

It is unlikely the defendant will suffer any adverse consequences if the Court decides to apply the concurrent sentence doctrine. When examining the effect of the unreviewed conviction, the Court must look at the factors delineated by the Second Circuit in *United States v. Vargas*, 615 F.2d 952 (2d Cir. 1980), including "'petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of a pardon, and societal stigma of a conviction.'" *Al-'Owhali*, at *5 (quoting *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021)).

Here, because the defendant's conviction on Count 1, which he is not challenging, is a life sentence without the possibility of parole, it will have no impact on his future parole eligibility.[2] Second, it is unlikely the defendant will be subject to a recidivist statute in the future, because he is already serving a life sentence on Count 1. Third, because the unchallenged conviction is a life sentence for murder, the unreviewed § 924(c) conviction is unlikely to be used to impeach his character at a future trial or impact his chance of a presidential pardon. Finally, the unreviewed § 924(c) conviction is unlikely to result in

---

[2] The defendant is also still serving a concurrent state sentence of 25 years to life.

"societal stigma" considering his conviction on Count 1 was for murdering Dr. Barnett Slepian.

While the *Al-'Owhali* case involved 264 life sentences, as well as a 30-year consecutive sentence pursuant to 18 U.S.C. § 924(c), other courts have applied the doctrine in cases like Kopp's case where the defendant is serving just one life sentence.[3] *See Duka v. United States*, 27 F.4th 189, 194 (3d Cir. 2022) (declining review of a 30-year consecutive § 924(c) sentence because the defendant was serving an unchallenged life sentence); *Oslund v. United States*, 944 F.3d 743, 746 (8th Cir. 2019) (declining review of a life sentence on an Armed Career Criminal Act conviction where the defendant was serving an unchallenged consecutive life sentence for murder during the commission of a Hobbs Act robbery); *United States v. Moten*, Criminal Action No. 10-620-1, 2022 WL 1982764 at *7 (E.D. Pa. June 6, 2022) (declining to review six § 924(c) charges where the defendant was serving an unchallenged life sentence).

In accordance with the Second Circuit's *Al-'Owhali* decision, the Court may wish to apply the concurrent sentencing doctrine and "'reserve [its] judgment only for issues that, once resolved, have some practical effect.'" *Al-'Owhali*, *supra*, at *4 (quoting *Kassir*, 3 F.4th at 565). In order to preserve the defendant's *Davis* claim in the unlikely event it is viable in the

---

[3] Because this is a Section 2255 proceeding, there is no concern about the impact of the $100 special assessment imposed on Count 2 because a Section 2255 proceeding addresses only the petitioner's custodial status and nothing else. *Al-'Owahali*, *supra*, at *4 ("Relief from 'fines, special assessment fees, restitution, and other noncustodial punishments' might result from 'a defendant's successful collateral attack on a conviction' but 'cannot themselves serve as a bases for collateral relief.'" quoting *Kassir v. United States*, 3 F.4th at 566).

future, the Court should deny the defendant's *Davis* claim without prejudice. *See Al-'Owhali*, *supra*, at \*6 (affirming district court's decision not deny the petitioner's *Davis* claim without prejudice).

    DATED:   Buffalo, New York, July 1, 2022.

                                TRINI E. ROSS
                                United States Attorney

             BY:   s/TIMOTHY C. LYNCH
                    Assistant United States Attorney
                    United States Attorney's Office
                    Western District of New York
                    138 Delaware Avenue
                    Buffalo, New York   14202
                    716/843-5846
                    Timothy.Lynch@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                                                     00-CR-189-A

JAMES KOPP,

                    Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2022, I filed the **GOVERNMENT'S NOTICE REGARDING RECENT SECOND CIRCUIT DECISION** with the Clerk of the District Court using its CM-ECF system.

As the defendant is represented pro se, I further certify that the foregoing was provided via mail, at the address stated below:

        James Charles Kopp #11761-055
        FCI MENDOTA
        Federal Correctional Institution
        P.O. Box 9
        Mandota, CA 93640

                                        s/DANIELLE ORSINI