UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                        Plaintiff,

              v.                                   **DECISION AND ORDER**
                                                                      00-CR-189-A

JAMES CHARLES KOPP,

                        Defendant.
_____

Currently pending before this Court are the following two motions: (1) Petitioner James Charles Kopp's ("Petitioner") successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (hereinafter the "Second Petition") (Dkt. No. 424); and (2) a motion to amend that Second Petition. (Dkt. No. 458).  For the reasons which follow, Petitioner's motions are **DENIED**.

## BACKGROUND

On October 23, 1998, Dr. Barnett Slepian, a Buffalo-area physician who provided reproductive health services, was shot and killed in his home. On October 17, 2000, Petitioner was charged in a two-count Indictment: in Count One, with a violation of 18 U.S.C. §§ 248(a)(1) and 248(b), intentionally inflicting on a person, because that person was a provider of reproductive health services, an injury resulting in death; and in Count Two, with a violation of 18 U.S.C. § 924(c) and (j), using a firearm to commit a crime of violence and causing a murder. (Dkt. No. 2).

On January 25, 2007, a jury returned a verdict convicting Petitioner on both counts. (Dkt. No. 279). On June 19, 2007, this Court sentenced Petitioner to life imprisonment on Count One and to a consecutive term of ten years imprisonment on Count Two. (Dkt. Entry, dated 6/19/2007). The final judgment was entered on June 22, 2007. (Dkt. No. 339). Petitioner is in the custody of the federal Bureau of Prisons.

On June 27, 2007, Kopp filed a Notice of Appeal and appealed the judgment of conviction to the Second Circuit Court of Appeals. (Dkt. No. 340). On April 6, 2009, the Second Circuit Court of Appeals affirmed the defendant's convictions and sentence. *United States v. Kopp*, 562 F.3d 141 (2d Cir. 2009).

### A. Petitioner's First Section 2255 Petition

On November 3, 2010, Petitioner filed his first petition pursuant to 28 U.S.C. §2255 asserting fourteen separate grounds for relief. (Dkt. No. 385). Subsequently, on November 8 and 9, 2010, Petitioner filed motions to amend his §2255 petition to add nine additional grounds. (Dkt. Nos. 388 & 389). Following the filing of the government's response (Dkt. No. 395), and Petitioner's reply (Dkt. No. 412), this Court, on July 27, 2011, issued a Decision and Order denying the defendant's 2255 petition in its entirety. *United States v. Kopp*, 10-CV-871-A, 00-CR-189-A, 2011 WL 3171557 (W.D.N.Y. July 27, 2011).

### B. Petitioner's Second or Successive Section 2255 Petition (Dkt. No. 424)

On June 20, 2016, Petitioner filed a successive § 2255 petition ("Second Petition") in which he relied upon the Supreme Court's opinion in *Johnson v. United*

*States*, 576 U.S. 591 (2015), as a basis for relief. The Second Petition was transferred to the Second Circuit (Dkt. No. 425) and that Court held Petitioner's Second Petition in abeyance pending its determination in two cases—*Hill* and *Barrett*— which were then-pending before the Court.[1] After *Hill* and *Barrett* were decided, Petitioner added the then-recently decided Supreme Court's decision in *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019), as providing an additional basis for relief under his Second Petition.

On November 4, 2020, the Court of Appeals—while characterizing the Second Petition as asserting that Petitioner's 18 U.S.C. § 924(c) and (j) conviction was "no longer valid after *Johnson* and *Davis*"—determined that Petitioner "made a prima facie showing that the proposed § 2255 motion satisfies the requirements of § 2255(h)." (Dkt. No. 428, p. 1, citing *Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam)). As a result, the Circuit transferred the Second Petition back to this Court noting that:

> the district court will have the preliminary task of determining whether the claim in Petitioner's § 2255 motion – as to which we have only concluded that a prima facie showing has been made – satisfies the threshold requirements governing successive § 2255 motions, including those set forth in 28 U.S.C. §§ 2244(a), 2244(b)(3)-(4), and 2255(h).  *See Massey v. United States*, 895 F.3d 248, 251 (2d Cir. 2018).

(Dkt. No. 428, p. 2).  Thus, on remand, this Court is faced with the question of whether this Second Petition, which purports to challenge the validity of Petitioner's 18 U.S.C.

---

[1] The two cases for which the Second Circuit held the Petition in this case in abeyance were *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018) and *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019).

§ 924(c) and (j) conviction in the wake of *Johnson* and *Davis*, satisfies the threshold requirements governing successive § 2255 motions.

### B. Petitioner's Latest Successive Section 2255 Petition and Request To Amend Second Petition (Dkt. No. 458)

The second motion facing the Court involves Petitioner's effort to amend his Second Petition. (Dkt. No. 458). On June 14, 2023, Petitioner filed with the Second Circuit a request to file yet another successive § 2255 motion premised on the Supreme Court's decision in *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022). The government opposed the motion.

On December 26, 2023, the Second Circuit denied the petitioner's request to file the successive § 2255 motion premised on the *Dobbs* decision. (Dkt. No. 460-2, pp. 2-3). In rendering its decision, the Second Circuit concluded that while in some instances when a § 2255 motion is already pending before the District Court—as was the case here—the Court of Appeals will transfer a new motion for leave to file a successive § 2255 motion to the District Court to consider whether an amendment of the pending § 2255 motion is pending, it declined to do so in this case as "unwarranted." (Dkt. No. 460-2, p.2). As the Second Circuit explained:

> *Dobbs* announced no retroactive rule that calls into doubt the constitutionality of Petitioner's conviction under 18 U.S.C. § 248(a)(1), *see* § 2255(h)(2), nor does Petitioner argue that he is factually innocent, *see* § 2255(h)(1). Because the claims encompassed within the present motion are frivolous, it would not be "in the interest of justice" to transfer them to the district court. Moreover, transfer is inappropriate where a motion to amend is futile. The claims Petitioner presents here depend on *Dobbs*, which had not been decided when we granted leave to pursue his second § 2255 motion. They cannot be fairly said to "relate back" to

4

the claims presented in his second motion. *See* Fed. R. Civ. P. 15(c); *Mayle v. Felix*, 545 U.S. 644, 662–64 (2005) (relation back proper only for habeas "claims that are tied to a common core of operative facts," not simply those arising from the same "trial, conviction, or sentence").

(Dkt. No. 460-2, p.2). The Court of Appeals issued its Mandate on March 1, 2024, *id.*, and on March 4, 2024, Petitioner filed with this Court a motion which sought to do that which the Second Circuit expressly refused to do, *i.e.*, to amend his Second Petition to include a claim premised on the *Dobbs* decision. (Dkt. No. 458).

## **DISCUSSION**

For the reasons which follow, this Court, relying upon the so-called "concurrent sentence doctrine," **DENIES** the Second Petition (Dkt. No. 424), without prejudice, and declines to determine whether the Second Petition, which seeks to challenge the conviction under 18 U.S.C. § 924(c) and (j), satisfies the threshold requirements governing successive § 2255 motions. In denying the Petition without prejudice, the Court leaves open the possibility that Petitioner may renew his challenge to such conviction if and when he can bring a timely and colorable challenge to his concurrent life sentence, which was imposed upon his conviction under 18 U.S.C. §§ 248(a)(1) and 248(b). Additionally, and for reasons set forth below, this Court **DENIES** Petitioner's motion to amend (Dkt. No. 458) his Second Petition (Dkt. No. 424) currently pending before this Court.

### I.    The Second Petition – Challenging 18 U.S.C. §§ 924(c) and (j)

In remanding this case, the Second Circuit identified this Court as having the "preliminary task" of determining whether the claim set forth in the Second Petition

5

"satisfies the threshold requirements governing successive § 2255 motions." (Dkt. No. 428, p. 2).  Such "preliminary task" involves a determination whether "the second or successive motion contain[s] a claim that relies on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Massey v. United States*, 895 F.3d at 251.  "[I]f the motion fails to satisfy those threshold requirements, [the Court] need not reach the merits of his claim. *See* 28 U.S.C. §§ 2244(a), (b)(3)–(4), 2255(h)." *Massey v. United States*, 895 F.3d at 251.

In other words, in remanding the case as it did, the Second Circuit tasked this Court with conducting a preliminary analysis to determine whether Petitioner can even begin to mount a merits challenge to his § 924(c) conviction under Count Two. However, since "even a complete vacatur of the challenged sentence [under Count Two] will not reduce the time [Petitioner] is required to serve in prison[,]" *see, Al -'Owhali v. United States*, 36 F.4th 461, 467 (2d Cir. 2022)(quotations and citations omitted), this Court, relying upon the so-called "concurrent sentence doctrine," does not believe that such "preliminary" determination need be undertaken.

"A § 2255 motion challenges the prisoner's being in custody, and relief may be afforded only when the prisoner claims 'the right to be released.' 28 U.S.C. § 2255(a)." *Al -'Owhali v. United States*, 36 F.4th at 465.  The "concurrent sentence doctrine" permits a court to "decline to consider a challenge to a 'conviction for which an appellant's sentence runs concurrently with that for another, valid conviction.'" *Al-'Owhali*, 36 F.4th at 466 (quoting *United States v. Vargas*, 615 F.2d 952, 956 (2d Cir.

6

1980)). The exercise of such discretion is appropriate when, as in the instant case, two conditions are met: "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id*. at 467.[2] The doctrine is intended to allow a court to "reserve…judgment only for issues that, once resolved, have some practical effect." *Kassir v. United States*, 3 F.4th 556, 565 (2d Cir. 2021).

Here, the challenge contained in the Second Petition, which seeks to attack Petitioner's conviction, under Count Two, for violation of 18 U.S.C. § 924(c) and (j), will have no effect on the time he must remain in prison because he has not (and cannot, *see* Point II, *infra*) challenge the concurrent sentence of life imprisonment imposed under Count One, for violation of 18 U.S.C. §§ 248(a)(1) and 248(b).  Indeed, not only has his § 248 conviction been upheld on direct appeal, *see, United States v. Kopp*, 562 F.3d 141, 145 (2d Cir. 2009), *cert. denied*, 558 U.S. 1008 (2009), but Petitioner's effort to mount a collateral challenge to it—by seeking to amend the Second Petition to include a challenge to his § 248 conviction —has been prohibited by the Second Circuit, which characterized the effort as "frivolous." (Dkt. No. 460-2, p. 3).

---

[2] In fact, the "concurrent sentence doctrine" is a bit of a misnomer. Despite its name, the Second Circuit has held that the concurrent sentence doctrine also applies to collateral challenges to a conviction 'for which the sentence runs consecutively to one or more unchallenged life sentences.'" *Al-'Owhali v. United States*, 36 F.4th at 467; *see also, Wilson v. United States*, No. 04-CR-1016 (NGG), 2023 WL 6385799, at *10 (E.D.N.Y. Sept. 29, 2023). Such is the case here.

The situation here is akin to the situation in *Al-'Owhali*, which involved a challenge to a Section 924(c) conviction with a consecutive 30-year sentence, but did not involve a challenge to a concurrent life sentence. As the *Al-'Owhali* Court recognized, "[w]hether the challenged sentence runs consecutively or concurrently to the unchallenged life sentence is a distinction without a difference." *Al -'Owhali*, 36 F.4th at 467 (internal quotation marks and citation omitted).  The Court went on to explain that "[v]acatur of [Petitioner]'s § 924(c) conviction will have no effect on the time he must serve in prison. Therefore, entertaining [Petitioner]'s challenge would result in the expenditure of the court and parties' time and resources, with no possibility for any cognizable change for [Petitioner] even if his challenge were successful." *Id*. (internal quotation marks and citation omitted). This case is no different, and the same reasoning applies. Even if, Petitioner's challenge to his § 924(c) conviction and sentence were successful under his Second Petition, it would have no impact on the time he must serve in prison since he received a term of imprisonment of life for his conviction under Count One.[3]

In determining whether the concurrent sentence doctrine ought to be applied here, this Court is obligated to consider the factors identified in *United States v. Vargas,* 615 F.2d at 959-60, for "collateral consequences of affirming the conviction on the basis of the [concurrent sentence] doctrine, and whether they are of sufficient immediacy and impact to warrant its inapplicability.' 615 F.2d at 959." *Al -'Owhali v.*

---

[3] Petitioner is also serving a concurrent term of imprisonment of 25 years to life arising from his conviction for Murder in the Second Degree in New York State court relating to the death of Dr. Slepian. (Dkt. No. 337, ¶56).

*United States*, 36 F.4th at 468. potential adverse collateral consequences of the unreviewed conviction. The five *Vargas* factors examine the effect of an unreviewed conviction on the '[1] petitioner's eligibility for parole, [2] the future application of recidivist statutes for a future offense by the petitioner, [3] the petitioner's credibility in future trials, [4] the possibility of pardon, and [5] societal stigma of a conviction." *Kassir v. United States*, 3 F.4th at 568. Here, none of the *Vargas* factors support the conclusion that the concurrent sentence doctrine ought not be applied with respect to the Second Petition.

First, reaching the merits of the Second Petition will not affect Petitioner's eligibility for parole because his unchallenged life sentence under Count One is without parole. *See United States v. Delgado*, 971 F.3d 144, 159 (2d Cir. 2020) ("Since there is no parole in the federal system, [the] sentence is effectively the same as a life-without-parole sentence in state court systems."). Furthermore, it is unlikely that Petitioner will be subject to any recidivist statute for a future offense "such that the unreviewed conviction could result in an 'increased sentence,' because [Petitioner] is already in prison for life." *Al-'Owhali*, 36 F.4th at 468 (citing *Kassir*, 3 F.4th at 568). In addition, and as in *Al-'Owhali*, "the unreviewed conviction is unlikely to be used to impeach [Petitioner's] character at a future trial or affect his chances for a potential pardon," *id*., because even if his conviction on Count Two were vacated, he would remain convicted of the more serious count under Count One – specifically, intentionally inflicting on a person, because that person was a provider of reproductive health services, an injury resulting in death, in violation of 18 U.S.C. § 248.  Finally,

9

Petitioner's conviction on Count Two is unlikely to subject him to any additional societal stigma, "especially in comparison to the stigma already carried by his unchallenged conviction[]." *Id*.

Having determined that Petitioner's collateral challenge raised in the Second Petition will have no effect on the time he must remain in custody and that his unreviewed §924(c) conviction will not yield additional adverse collateral consequences, this Court **DENIES** his Second Petition without prejudice to renewal if and when he can bring a timely and colorable challenge to his concurrent life sentence imposed under Count One. *See Al-'Owhali*, 36 F.4th at 469 (citing *Kassir*, 3 F. 4th at 569).

## II.     Petitioner's Motion to Amend His Successive Section 2255 Petition To Include Challenge To His Conviction on Count One - 18 U.S.C. §§ 248(a)(1) and (b)

While Second Petition was pending, Petitioner filed a request in the Second Circuit seeking leave to file a successive § 2255 motion, based upon a new rule of law announced in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. 215 (2022).  Within days of the Second Circuit denying such request, (Dkt. No. 460-2, pp. 2-3), Petitioner filed a motion with this Court requesting permission to amend his Second Petition to include such a claim. (Dkt. No. 458).  For the reasons which follow, such request is **DENIED**.

"The law of the case ordinarily forecloses relitigation of issues expressly or impliedly decided by the appellate court." *United States v. Becker*, 502 F.3d 122, 127

(2d Cir. 2007) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002)). Here, the Second Circuit already determined that Petitioner's motion to amend "is futile." (Dkt. No. 460-2, p. 2). Noting that, Petitioner's *Dobbs* claim "cannot be fairly said to 'relate back' to the claims presented in his second [§ 2255] motion" and characterizing such claims as "frivolous," (Dkt. No. 460-2, p. 3), the Court of Appeals declined to transfer the case back to the District Court for consideration of whether a motion to amend the Second Petition would be appropriate. *Id*.

The Supreme Court has stated that "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). "If claims asserted after the one-year period could be revived simply because they related to the same trial, conviction, or sentence as a timely filed claimed, [the] limitation period would have slim significance." *Id*. at 662. Rather, for an amended claim to relate back to a claim in the original motion, it must "state claims that are tied to a common core of operative facts." *Id*. at 664; see *Gibson v. Artus*, 407 Fed. App'x 517, 519 (2d Cir. 2010) ("In *Mayle v. Felix*, the Supreme Court limited claims in an amended petition to those that arose from the same core facts alleged in the original petition, not those related generally to petitioner's trial, conviction, or sentence."). Here, the Second Circuit has already correctly determined that the *Dobbs* claim Petitioner seeks to assert does not "relate back" to the claims in his Second Petition, and as a result, amendment of such petition is improper.

Additionally, and as already found by the Circuit, *see*, Dkt. No. 460-2, p. 3, the *Dobbs* claim which Petitioner seeks to add does not set forth any evidence to establish Petitioner's factual innocence nor does it contain any showing that the *Dobbs* decision announced a retroactive rule that undermines his conviction under the FACE Act. *See*, 18 U.S.C. § 248(a)(1). As a result, Petitioner cannot meet the stringent standards for filing a second or successive § 2255 motion as required in § 2255(h), and his motion to amend his Second Petition is **DENIED**.

## **CONCLUSION**

For these reasons, the Court declines to review the Second Petition (Dkt. No. 424) and **DENIES** it without prejudice to Petitioner renewing his challenge to his Section 924(c) conviction under Count Two if and when he can bring a timely and colorable challenge to his concurrent life sentence imposed under Count One. *See Al-'Owhali*, 36 F.4th at 469 (citing *Kassir*, 3 F. 4th at 569). The Court notes that in such a future challenge, a court would evaluate the claim's timeliness by reference to when Petitioner raised it in the present action and would allow the government to raise any other defenses that it might wish to advance at that time. *Kassir*, 3 F.4th at 569.

Further, the Court **DENIES** Petitioner's motion (Dkt. No. 458) to amend the Second Petition.

The Clerk of Court is directed to enter judgment for the Respondent and close this case. In accordance with 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this order would not be taken in good faith and thus denies *in forma*

*pauperis* status for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**IT IS SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
SENIOR U.S. DISTRICT JUDGE

Dated: March 25, 2024
Buffalo, New York.